UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ENRIQUE VILLEGAS SARABIA, § § | |
| Plaintiff, § § | |
| v. § | SA-23-CV-964-FB (HJB) |
| § | |
| ALEJANDRO MAYORKAS, Secretary, § Department of Homeland Security; and § UR M. JADDOU, Director of U.S. § Citizenship and Immigration Services, § § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion to Dismiss (Docket Entry 6). Pretrial matters have been referred to the undersigned for consideration. (*See* Docket Entry 9.) For the reasons set out below, I recommend that Defendants' motion (Docket Entry 6) be **GRANTED**.

**I.      Jurisdiction.**

Plaintiff seeks a declaration that he is a United States citizen pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. (Docket Entry 1, at 7.) Defendants move to dismiss for lack of jurisdiction on the grounds that Plaintiff's claim is barred by § 1503(a)'s statute of limitations. (Docket Entry 6, at 1.) The Court has jurisdiction to rule on Defendants' motion because "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). The undersigned is authorized to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**II.     Background.**

On July 17, 2012, Plaintiff filed an N-600 Application for Certificate of Citizenship ("N-600") with the United States Citizenship and Immigration Services ("USCIS").  (Docket Entry 1, at 3; Docket Entry 6, at 4.)  On March 27, 2015, the USCIS denied Plaintiff's N-600.  (Docket Entry 1, at 4; Docket Entry 6, at 4.)

On April 28, 2015, Plaintiff appealed the USCIS's decision to the Administrative Appeals Office ("AAO").  (Docket Entry 1, at 4; Docket Entry 6, at 4.)  On February 22, 2018, the AAO dismissed Plaintiff's appeal.  (Docket Entry 6-1.)  On April 2, 2018, Plaintiff filed a motion with the AAO, requesting that it reconsider its dismissal and reopen the case so Plaintiff could present new evidence.  (Docket Entry 1, at 5; Docket Entry 6, at 4.)  On September 14, 2018, the AAO denied the motion.  (Docket Entry 6-2.)

Plaintiff filed this lawsuit on August 4, 2023, seeking declaratory relief under 8 U.S.C. § 1503(a).  (Docket Entry 1, at 7.)  Defendants move to dismiss that claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  (Docket Entry 6, at 1.)

**III.    Analysis.**

Plaintiff asks the Court to enter judgment declaring that he is a U.S. citizen pursuant to 8 U.S.C. § 1503(a), which provides that:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States. . . .

8 U.S.C. § 1503(a).  However, § 1503(a) also requires that such claims be filed within a specific period of time:

> An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district

2

> court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503. Defendants' motion turns on the meaning of § 1503(a)'s limitation period. The parties dispute (a) whether the limitations period is "jurisdictional" within the meaning of Federal Rule of Civil Procedure 12(b)(1), and (b) if so, whether Plaintiff's lawsuit is untimely.[1]

### A. Whether § 1503(a)'s Limitations Period Is Jurisdictional.

Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing FED. R. CIV. P. 12(b)(1)). A Rule 12(b)(1) motion puts "the burden of proof . . . [on Plaintiff:] the party asserting jurisdiction." *Bonin v. Sabine River Auth.*, 65 F.4th 249, 253 (5th Cir. 2023) (quoting *Ramming*, 281 F.3d at 161), *cert. denied*, 144 S. Ct. 287 (2023).

"[T]he United States cannot be sued at all without the consent of Congress." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)). Thus, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Earlier this year, the Supreme Court explained that it "has found a clear waiver of sovereign immunity 'in only two situations.'" *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 49 (2024) (quoting *Fin. Oversight and Mgmt. Bd. for P. R. v. Centro De Periodismo Investigativo, Inc.*, 598 U.S. 339, 347 (2023)). The first is "when a statute says in so many words that it is stripping immunity from a sovereign entity." *Kirtz*, 601 U.S. at 49 (citation omitted). The second is "when a statute creates a cause of action and

---

[1] Because Defendants have sought only a jurisdictional ruling, and did not move in the alternative to dismiss for failure to state a claim under Rule 12(b)(6), the Court must deny Defendants' motion if § 1503(a) is not jurisdictional.

3

explicitly authorizes suit against a government on that claim." *Id.* (citation and internal quotation marks omitted).

Section 1503(a) falls into the second category. It specifically creates a cause of action for declaratory relief for persons within the United States asserting a right or privilege of citizenship against the heads of any federal agency denying said right or privilege. *See* 8 U.S.C. § 1503(a). And the statute specifically confers upon the courts "jurisdiction over such officials in such cases. . . ." *Id.* Thus, § 1503(a) "waives sovereign immunity" by affirmatively endowing the district courts with subject matter jurisdiction over certain claims for declaratory relief against the heads of federal agencies. *Cambranis v. Pompeo*, No. 5:19-CV-0238-JKP, 2020 WL 1447380, at *3 (W.D. Tex. Mar. 24, 2020) (citing *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019)), *aff'd sub nom. Cambranis v. Blinken*, 994 F.3d 457 (5th Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction and rejecting attempt to leverage 5 U.S.C. § 702's general waiver of sovereign immunity for non-monetary suits "to seek the same relief for the same grievance provided for in § 1503(a) while sidestepping its statute of limitations").

Although § 1503(a) specifically confers subject matter jurisdiction upon the courts, it specifically limits that jurisdiction to a five-year window—which begins closing after the "final administrative denial." 8 U.S.C. § 1503(a). Because § 1503(a) acts as a condition limiting the Government's waiver of sovereign immunity, it is jurisdictional in nature. "[W]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity, . . . [and] define[s] the extent of the court's jurisdiction." *Tankoano v. U.S. Citizenship & Immigr. Servs.*, 652 F. Supp. 3d 812, 815 (S.D. Tex. 2023) (Rosenthal, J.) (quoting *United States v. Mottaz*, 476 U.S. 834, 841 (1986)).

4

The Fifth Circuit has confirmed in recent decisions that § 1503(a)'s limitations period is jurisdictional. In *Gonzalez*, the Fifth Circuit affirmed the district court's dismissal of an untimely § 1503(a) challenge to the USCIS's cancellation of his citizenship, expressly holding that § 1503(a)'s statute of limitations is a "jurisdictional requirement." 926 F.3d at 188–90. The Fifth Circuit subsequently held that the residency requirement in § 1503(a)—which appears in the same sentence as the limitations period—was jurisdictional in nature, rather than a mere venue requirement. *Flores v. Pompeo*, 936 F.3d 273 278 n.2 (5th Cir. 2019). The *Flores* court explained that limits or conditions on the scope of a statute are jurisdictional only "if Congress 'clearly states' that it is jurisdictional." 936 F.3d at 278 n.2 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006)). Applying this rule, the Fifth Circuit concluded that "Congress clearly stated that § 1503(a)'s residence requirement is jurisdictional by appending the clause 'jurisdiction over such officials in such cases is conferred upon those courts.'" *Flores*, 936 F.3d at 278 n.2.[2]

In light of the court of appeals' rulings in *Gonzalez* and *Flores*, it would appear that the limitation period in § 1503(a) is jurisdictional in nature. However, these holdings must be assessed in light of the Supreme Court's recent statement that "most time bars are nonjurisdictional," even when "framed in mandatory terms." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (citations omitted).[3] The Court held that statutory deadlines are "jurisdictional only if "traditional tools of statutory construction . . . plainly show that Congress imbued [them] with jurisdictional consequences." *Id.* (citation omitted). Thus, to determine whether a statute's limitations period

---

[2] Although the analysis in *Flores* was relegated to a footnote, it was not *dicta*, as it was necessary to the Fifth Circuit affirmance of the district court's dismissal of the plaintiff's § 1503(a) claim for lack of subject matter jurisdiction. Accordingly, it was "necessary to the result" reached by the court of appeals. *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 428 (5th Cir. 2014) (citation omitted).

3

is jurisdictional, "[w]hat matters . . . is whether a time bar speaks to a court's authority to hear a case." *Id.* at 485 (citation omitted).

The parties dispute the impact of *Harrow* on the present case. According to Plaintiff, *Harrow* confirms that § 1503(a)'s five-year deadline is not a jurisdictional limitation. (Docket Entry 19, at 2–3.) Defendants argue that *Harrow* in fact confirms the opposite. (Docket Entry 22, at 2–3.) A comparison of § 1503(a)'s language to the statutory language at issue in *Harrow* plainly shows that Defendants are correct.

As noted above, § 1503(a) provides that "[a]n action under this subsection may be instituted only within five years after the final administrative denial . . . and shall be filed in the district court . . . for the district in which such person resides or claims residence, and jurisdiction over such officials in such cases is conferred upon those courts." As the Fifth Circuit has made clear, both § 1503(a)'s residency and time restrictions are "imbued . . . with jurisdictional consequences," because the very same sentence bearing their existence "speaks to" the district courts' authority to hear such cases. *See Harrow*, 480 U.S. at 484–85; *cf. Flores*, 936 F.3d at 278 n.2; *Gonzalez*, 926 F.3d at 188–90. Compare this to the provision that *Harrow* found to be non-jurisdictional:

> [A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision to the Board.

5 U.S.C. § 7703(b)(1)(A). Conspicuously absent in this provision is any language affirmatively conditioning the courts' jurisdiction on compliance with the stated deadline. *See Harrow*, 144 S. Ct. at 1184 ("no mention" of jurisdiction in § 7703(b)(1)).[4]

---

[4] The lack of express jurisdictional language likewise distinguishes two other Supreme Court cases relied upon by Plaintiff: *Wilkins v. United States*, 598 U.S. 152 (2023) and *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). (*See* Docket Entry 10, at 3–5.) In *Wilkins*, the Court held

6

Defendants point out that § 1503(a) closely resembles a statute recently found by the Eleventh Circuit to impose a jurisdictional time bar in its post-*Harrow* decision in *Sloan v. Drummond Co., Inc.*, 102 F.4th 1169 (11th Cir. 2024). (*See* Docket Entry 22, at 3–4.) *Sloan* involved the 60-day deadline to file a petition for review in the appellate courts under 33 U.S.C. § 921(c):

> Any person adversely affected . . . by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days . . . of such Board order a written petition. . . . . Upon such filing, the court shall have jurisdiction. . . .

33 U.S.C. § 921(c). The court of appeals held that the 60-day deadline was jurisdictional, concluding that "[t]he language of [§] 921(c) sets it apart from statutes that the Supreme Court has held are not jurisdictional"—including the statute considered in *Harrow*. *Sloan*, 102 F.4th at 1175–76. If anything, in one respect the jurisdictional import of the limitations period in § 1503(a) is even clearer than in the provision at issue in *Sloan*—the reference to jurisdiction is not just in the same section, but in the same *sentence*.

For all of the foregoing reasons, the Court should conclude that § 1503(a)'s five-year statute of limitations is jurisdictional—and thus that district courts have no subject matter jurisdiction over a plaintiff's claim for declaratory relief under § 1503(a) if it is filed more than five years after the government's final administrative denial of their asserted right or privilege.

---

non-jurisdictional the statute of limitations in Quiet Title Act, which provides that "[a]ny civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). As with the deadline in *Harrow*, there is no indication in or around § 2409a(g) that suggested to the Court that the 12-year deadline is an absolute condition on the courts' subject matter jurisdiction. *Wilkins*, 598 U.S. at 159. In *Santos-Zacaria*, the Court considered 8 U.S.C. § 1252(d)(1)'s administrative exhaustion requirement, which provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Again, as with the deadlines in *Harrow* and *Wilkins*, the exhaustion requirement in *Santos Zacaria* says nothing about courts lacking subject matter jurisdiction.

### B. *Whether Plaintiff's Claim Is Time-Barred Under § 1503(a).*

Defendants argue that Plaintiff's claim is time-barred because his complaint was filed more than five years after the AAO dismissed his appeal. (Docket Entry 6, at 6–8.) Plaintiff counters that the final administrative denial was not the AAO's dismissal of his appeal but, rather, the its subsequent denial of his motion to reconsider that dismissal and reopen his case. (Docket Entry 10, at 6.) As Plaintiff sees it, the "final" administrative denial means "the last one from the applicant's *initial* administrative process." (*Id.*) Plaintiff's motion to reconsider and reopen, Plaintiff argues, was part of that initial administrative appeals process and, therefore, the five-year statute of limitations did not start running until the AAO denied it. (*Id.*) Although there is intuitive appeal to Plaintiff's reasoning, application of Fifth Circuit precedent to his case effectively forecloses it.

As noted above, the controlling Fifth Circuit decision addressing finality under § 1503(a) is *Gonzalez*. In that case, the USCIS cancelled Gonzalez's certificate of citizenship and ordered her to surrender it to the agency. 926 F.3d at 187. Gonzalez immediately filed a motion to reconsider with USCIS, which was denied. *Id.* She did not appeal that denial to the AAO. *Id.* Eight years later, she filed another motion to reconsider with USCIS, advancing new arguments. *Id.* Again, the agency denied the motion, but this time Gonzalez appealed to the AAO. *Id.* The AAO affirmed USCIS's denial and dismissed Gonzalez's appeal. *Id.* Gonzalez then filed suit in the Southern District of Texas, seeking declaration of citizenship under § 1503(a). *Id.* at 187–88. The Government moved to dismiss the suit for lack of subject matter jurisdiction, arguing that USCIS's first denial—more than 8 years before Gonzalez filed suit—was the final administrative denial for purposes of calculating § 1503(a)'s statute of limitations. *Id.* at 188. The district court agreed and dismissed the case. *Id.* The Fifth Circuit affirmed. It held that, in the interest of

8

finality, "[§] 1503(a)'s reference to 'the final administrative denial' means the *first* final administrative denial." *Id.* at 190 (emphasis added).

Here, when USCIS denied Plaintiff's N-600, on March 27, 2015, his administrative remedy was to file an appeal with the AAO within 30 days of receiving the denial decision. *See* 8 C.F.R. § 320.5(b) (Oct. 2, 2020); 8 C.F.R. § 103.3(a) (Apr. 1, 2024). The applicable regulation provides that "after an N-600 application has been denied and the time for appeal has expired, no subsequent application may be filed; rather, the applicant must submit a motion to reopen the application or to reconsider the denial." *Vasquez v. Pompeo*, 467 F. Supp. 3d 466, 472 (S.D. Tex. 2020) (citing 8 C.F.R. § 320.5(c)). Thus, if Plaintiff had not appealed to the AAO within 30 days of receiving USCIS's denial decision, then "the initial denial of the N-600 . . . [would have been] the 'final administrative denial' contemplated in § 1503(a)," and "any subsequent 'denial' . . [would have been] the adjudication of a motion related to the initial denial." *Vasquez*, 467 F. Supp. 3d at 472. However, Plaintiff did file a timely appeal with the AAO. (Docket Entry 1, at 4; Docket Entry 6, at 4.) Accordingly, the AAO's dismissal of Plaintiff's appeal was a final administrative denial, allowing him to proceed without further action under § 1503(a). *See Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007) ("If the [applicant's N-600] application is denied, he can appeal to the AAU; . . . [i]f the AAU affirms, the person can seek a judicial declaration of citizenship under 8 U.S.C. § 1503(a).").

Plaintiff received a subsequent denial as well when the AAO denied his motion to reconsider and reopen. (Docket Entry 6-2.) But the AAO's dismissal of his appeal—thereby affirming USCIS's denial of his N-600—was the *first* final administrative denial.[5] Thus, applying

---

[5] The undersigned notes that the cover page to the AAO's dismissal decision specifically advised Plaintiff: "If you believe we incorrectly decided your case, you may file a motion requesting us to reconsider our decision, reopen the proceeding, or both. . . . within 33 days of the

the law as interpreted in *Gonzalez*, § 1503(a)'s five-year limitations period began to run when the AAO dismissed Plaintiff's appeal—on February 22, 2018. (*See* Docket Entry 6-1.)

Plaintiff argues that, even assuming that the AAO dismissal was the first final administrative denial, the Court has jurisdiction over his second final administrative denial because it is qualitatively different from the first. (Docket Entry 10, at 11–12.) Plaintiff relies on a district court decision from the Southern District of Texas, which construed *Gonzalez* as holding that: "if a court finds (1) a qualitative difference in a subsequent application process, and (2) allowing the plaintiff to proceed would agree with Congress'[s] desire for finality, the plaintiff may proceed with a § 1503(a) challenge." *Villarreal Salinas v. Limon*, 549 F. Supp. 3d 624, 630 (S.D. Tex. 2021).

It is far from clear that the Fifth Circuit has endorsed a "qualitative difference" exception to finality under § 1503(a).[6] But even if it has, *Villarreal Salinas* cannot support Plaintiff's

---

date of this decision." (Docket Entry 6-1, at 1.) This language does not mean that the dismissal itself was not final when a motion to reconsider or reopen was timely filed. The issue is clearly addressed by the regulation governing motions to reopen or reconsider an AAO decision; the regulation states that, absent a contrary directive from the USCIS, "the filing of a motion to reopen or reconsider . . . does not stay the execution of any decision in a case. . . ." 8 C.F.R. § 103.5(a)(1)(iv) (2005). There was no such agency directive in Plaintiff's case; thus, his motion to reopen or reconsider did not affect the finality of the AAO's decision to dismiss his appeal. If the AAO's dismissal were not a final administrative denial, then a plaintiff could file duplicative motions to reconsider or reopen *ad infinitum*, perpetually suspending the accrual of § 1503(a)'s statute of limitations—precisely the result that *Gonzalez* rejected. Defendants emphasized this point at the hearing on the Motion on February 15, 2024. (Docket Entry 18, at 21–22.)

Conceivably, the cover-page could be considered misleading enough to be grounds for tolling a non-jurisdictional limitations period; however, as noted in Part III(A) above, the limitations period in § 1503(a) is jurisdictional, and thus tolling is unavailable.

[6] The *Villarreal Salinas* court reached the conclusion that such an exception exists by inferring from *Gonzalez*'s discussion of the holding in another case—*Henry v. Quarantillo*, 684 F. Supp. 2d 298, 307 (E.D. N.Y. 2010), *aff'd* 414 F. App'x 363 (2d Cir. 2011). But *Gonzalez* did not adopt the entirety of *Henry*'s reasoning; it merely agreed that, in the interest of finality, "the final administrative denial" means "the first final administrative denial." 926 F.3d at 190. Nowhere

10

argument here.  In that case, the plaintiff was denied a passport six times.  549 F. Supp. at 626.  Between her ultimate and penultimate denials, however, an immigration judge had admitted her into the United States after determining in a formal removal proceeding that "she was clearly and beyond a doubt admissible as having been born in the United States."  *Id*. at 626–28.  Given this ruling, the district court found that the last of plaintiff's final administrative denials was qualitatively different from the rest; it was cut off from the others by an independent intervening judgment by an immigration court that the plaintiff was a United States citizen.  *Id*. at 630.

In contrast to the extraordinary circumstances in *Villarreal Salinas*, Plaintiff's post denial reconsideration request is not "qualitatively different" from his earlier petition.  In his motion to reconsider and reopen, Plaintiff offered "additional evidence as the basis for the Motion to Reopen and an argument that an erroneous standard for physical presence was used as the basis for the Motion to Reconsider." (Docket Entry 10-1, at 19.)  In response to the motion to dismiss, Plaintiff argues that when the USCIS denied his application the first time, "his father was unavailable to testify," but that his motion to reopen and reconsider included "a much more detailed affidavit from his father and notified the agency that his father was now available to testify."  (Docket Entry

---

in *Gonzalez* does the Fifth Circuit actually adopt *Henry*'s exception for claims originating from a process that is "qualitatively different."  And since *Gonzalez* was decided in 2019, the Fifth Circuit has cited it four times in subsequent opinions addressing § 1503(a) without ever mentioning the phrase "qualitatively different," or any variation thereof.  *See Cambranis v. Blinken*, 994 F.3d 457 (5th Cir. 2021); *Martinez v. Pompeo*, 977 F.3d 457 (5th Cir. 2020); *Vazquez v. Blinken*, No. 21-40062, 2021 WL 5985059 (5th Cir. Dec. 16, 2021); *Flores v. Hartnett*, No. 21-50139, 2022 WL 101978, (5th Cir. Jan. 10, 2022).

Even if the Fifth Circuit tacitly adopted a "qualitative difference" exception when it discussed *Henry*, it simultaneously pointed out that "*Henry*'s inclusion of new evidence with his second N-600 application made no difference, because this evidence did not render the second process in any way 'qualitatively different' from the first." 926 F.3d at 189 (citing *Henry*, 684 F. Supp. 2d at 307). For the reasons set out in the text *infra*, this distinction defeats Plaintiff's argument in this case.

10, at 12.) Such changes in the quantity of the evidence that the agency had before it does not make the sort of "qualitative difference" discussed in *Villarreal Salinas*.

Based on the foregoing, the Court should conclude that the first final administrative denial of Plaintiff's claim occurred when the AAO dismissed Plaintiff's appeal on February 22, 2018. (Docket Entry 6-1.) The AAO's denial of Plaintiff's subsequent motion to reconsider and reopen did not restart the five-year statute of limitations under § 1503(a). Accordingly, the latest that Plaintiff could file a § 1503(a) claim in federal court was February 22, 2023. Plaintiff did not file his complaint in this case until August 4, 2023. (Docket Entry 1.) Plaintiff's claim is therefore barred by § 1503(a)'s statute of limitations. And because § 1503(a) is jurisdictional—as opposed to a claims-processing rule—the limitations period cannot be equitably tolled. Accordingly, Plaintiff's case should be dismissed without prejudice under Rule 12(b)(1). *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("[A] jurisdictional dismissal must be without prejudice. . . .").

## IV. Conclusion and Recommendation.

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Docket Entry 6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

## V. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file their objections, if any, with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Had Plaintiff chosen the latter, then USCIS's denial would have become final

**SIGNED** on August 6, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge